**FILED**

June 05, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
                    RR
                              DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | SA:24-CR-00178-XR |
| **Plaintiff** | |
| v. | |
| | **First Superseding Indictment** |
| (1) MELVIN CHARLES HILL JR | |
| (2) DEANDRE DAYSHAWN NELSON | **COUNT 1: 18 U.S.C. § 1951(a)** |
| (3) GLENN RAY MCGARITY | **Conspiracy to Commit Hobbs Act Robbery** |
|    aka "G" | |
| (4) DIONTAY DESHAUN ROBERSON | **COUNTS 2, 4: 18 U.S.C. §§ 2113(a) & (d) & 2** |
|    aka "OAKS" | **Bank Robbery; Aiding and Abetting** |
| (5) ANNEIL KALAW TEDDER | |
|    aka "NINA" | **COUNTS 3, 5, 6: 18 U.S.C. § 1951(a) & 2** |
| | **Hobbs Act Robbery; Aiding and Abetting** |
| **Defendants** | |
| | **COUNTS 4, 7: 18 U.S.C. §§ 924(c)(1)(A)(ii) &** |
| | **2 Brandishing a Firearm During and in** |
| | **Relation to a Crime of Violence; Aiding and** |
| | **Abetting** |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

That at all times material to this Indictment, in the Western District of Texas, Wells Fargo & Company and Bank of America Corporation were engaged in the banking business, an industry that affects interstate and foreign commerce.

That at all times material to this Indictment, in the Western District of Texas, Brink's Incorporated was engaged in the bank security services business, an industry that affects interstate and foreign commerce.

## COUNT ONE
**Conspiracy to Commit Hobbs Act Robbery**
**[18 U.S.C. § 1951(a)]**

Beginning on or about December 2023 and continuing through on or about May 7, 2024, in the Western District of Texas, Defendants,

**(1) MELVIN CHARLES HILL JR.,**
**(2) DEANDRE DAYSHAWN NELSON,**
**(3) GLENN RAY MCGARITY aka "G",**
**(4) DIONTAY DESHAUN ROBERSON aka "OAKS", and**
**(5) ANNEIL KALAW TEDDER aka "NINA",**

knowingly and willfully conspired and agreed together and with each other, and with others, to unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951, in that Defendants unlawfully combined, conspired, confederated, and agreed with each other, and with others, to unlawfully take and obtain property, namely United States currency, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of those items, in violation of Title 18, United States Code, Section 1951(a).

## COUNT TWO
**Bank Robbery**
**[18 U.S.C. §§ 2113(a), 2113(d), & 2]**

That on or about March 20, 2024, in the Western District of Texas, Defendants,

**(1) MELVIN CHARLES HILL JR., and**
**(2) DEANDRE DAYSHAWN NELSON,**

aided and abetted by each other, by force, violence, and intimidation, did take from the person and presence of another approximately $120,000 in money belonging to and in the care, custody, control, management, and possession of Wells Fargo & Company, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a firearm,

in violation of Title 18, United States Code, Sections 2113(a), 2113(d), & Section 2.

## COUNT THREE
**Hobbs Act Robbery**
**[18 U.S.C. §§ 1951(a) & 2]**

That on or about March 20, 2024, in the Western District of Texas, Defendants,

**(1) MELVIN CHARLES HILL JR., and**
**(2) DEANDRE DAYSHAWN NELSON,**

aided and abetted by each other, did knowingly and unlawfully obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, as the terms "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain the property of Wells Fargo & Company, namely, United States currency, which was then in the possession and custody of an employee of Brink's Incorporated, by means of actual and threatened force, violence, and fear of injury to those in lawful possession of the property, in violation of Title 18, United States Code, Sections 1951(a) & Section 2.

## COUNT FOUR
**Brandishing a Firearm During and In Relation to a Crime of Violence**
**[18 U.S.C. § 924(c)(1)(A)(ii)]**

That on or about March 20, 2024, in the Western District of Texas, Defendant,

**(1) MELVIN CHARLES HILL JR.,**

did knowingly brandish a firearm during and in relation to a crime of violence that may be prosecuted in a court of the United States, that is, Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) & (d), as further described in Count Two, and Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a), as further described in Count Three, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii).

**COUNT FIVE**
**Bank Robbery**
**[18 U.S.C. §§ 2113(a), 2113(d), & 2]**

That on or about May 7, 2024, in the Western District of Texas, Defendants,

**(3) GLENN RAY MCGARITY aka "G",**
**(4) DIONTAY DESHAUN ROBERSON aka "OAKS", and**
**(5) ANNEIL KALAW TEDDER aka "NINA",**

aided and abetted by each other, by force, violence, and intimidation, did take from the person and

presence of another approximately $154,000 in money belonging to and in the care, custody,

control, management, and possession of Bank of America Corporation, the deposits of which were

then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did

assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a

firearm, in violation of Title 18, United States Code, Sections 2113(a), 2113(d), & Section 2.

**COUNT SIX**
**Hobbs Act Robbery**
**[18 U.S.C. §§ 1951(a) & 2]**

That on or about May 7, 2024, in the Western District of Texas, Defendants,

**(3) GLENN RAY MCGARITY aka "G",**
**(4) DIONTAY DESHAUN ROBERSON aka "OAKS", and**
**(5) ANNEIL KALAW TEDDER aka "NINA",**

aided and abetted by each other, did knowingly and unlawfully obstruct, delay, and affect

commerce, and the movement of articles and commodities in such commerce, as the terms

"commerce" and "robbery" are defined in Title 18, United States Code, Section 1951, in that the

defendant did unlawfully take and obtain the property of Bank of America Corporation, namely,

United States currency, which was then in the possession and custody of an employee of Brink's

Incorporated, by means of actual and threatened force, violence, and fear of injury to those in

lawful possession of the property, in violation of Title 18, United States Code, Sections 1951(a) &

Section 2.

## COUNT SEVEN
**Brandishing a Firearm During and In Relation to a Crime of Violence**
**[18 U.S.C. §§ 924(c)(1)(A)(ii) & 18 U.S.C. § 2]**

That on or about May 7, 2024, in the Western District of Texas, Defendants,

**(3) GLENN RAY MCGARITY aka "G", and**
**(4) DIONTAY DESHAUN ROBERSON aka "OAKS",**

aided and abetted by each other, did knowingly brandish a firearm during and in relation to a crime of violence that may be prosecuted in a court of the United States, that is, Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) & (d), as further described in Count Five, and Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a), as further described in Count Six, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), and that **(4) DIONTAY DESHAUN ROBERSON aka "OAKS"** committed this offense after a prior conviction under Title 18, United States Code, Section 924(c) had become final, in violation of Title 18, United States Code, Section 924(c)(1)(C)(i) & Section 2.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
**[*See* Fed. R. Crim. P. 32.2]**

### I.
### Bank Robbery Violations and Forfeiture Statutes
**[Title 18 U.S.C. §§ 2113(a) and (d), and 1951(a), subject to forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(C) and 924, made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts One through Three, Five, and Six, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of certain property upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

**Title 18 U.S.C. § 981. Civil forfeiture**
**(a)(1)** The following property is subject to forfeiture to the United States:
    **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Bank Robbery violations are offenses constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

**Title 18 U.S.C. § 924. Penalties**
**(d)(l)** Any firearm or ammunition involved in or used in . . . violation of any other criminal law of the United States. . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . .

**II.**
**Firearm Violations and Forfeiture Statutes**
**[Title 18 U.S.C. § 924(c)(1)(A)(ii), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts Four and Seven, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

**Title 18 U.S.C. § 924. Penalties**
**(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of . . . of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . .

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
BRIAN NOWINSKI
Assistant United States Attorney